UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL E. CLARK, | Case No. 2:09-CV-141 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ADRIAN GUERRERO, | |
| Defendant(s). | |

Presently before the court is plaintiff Michael E. Clark's proposed judgment. (Doc. # 151). Defendant Adrian Guerrero has not objected or responded. Also before the court is plaintiff's motion for a hearing or status check. (Doc. # 154).

The court ordered defendant to show cause why the court should not sanction him for failure to notify the court whether he will proceed *pro se* or retain counsel over one and a half years ago. (Doc. # 144). Defendant was warned that his failure to respond to the order would result in the court entering sanctions, up to and including case-dispositive sanctions, against him. (*Id.*) Since that time, defendant has not responded to the order or filed any other documents with the court.

Accordingly, the court granted plaintiff's motion for default judgment. (Doc. # 150). The court ordered plaintiff to submit an *appropriate* judgment based on the court's order. (*Id.*) Mr. Clark's proposed judgment is not, however, appropriate. Defendant asks the court to grant $1,000,000.00 in compensatory damages for alleged medical costs, of which he provides no proof, and $ 12,000,000.00 in punitive damages, for which plaintiff provides no legal basis. He also requests additional damages for future medical costs, which he cannot estimate.

Mr. Clark has not provided the court with any evidence. He has not shown that Guerrero used excessive force. More importantly, he has failed to submit any evidence of his medical

**James C. Mahan**
**U.S. District Judge**

injuries or any other loss that would justify compensatory damages at any level, let alone in the outrageous sum requested.

When a district court enters default judgment for liability, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Damages, on the other hand, must be proven, and the court has the discretion to hold a hearing on damages. FED. R. CIV. P. 55(b)(2); *id.*

The only evidence plaintiff submits in support of his damages claims is an affidavit, which does not include specific allegations of the injuries or the costs incurred in treatment. Plaintiff's outlandish claims for damages are not supported by proof or even allegation. Because plaintiff has not provided the court with any indication that he possesses evidence capable of establishing a damage award, the court will not hold a hearing or status check. The clerk will enter judgment in favor of Mr. Clark. A nominal damage award of $1.00 against defendant Guerrero will be ordered in Mr. Clark's favor on his excessive force claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Michael E. Clark's proposed judgment (doc. # 151) be, and the same hereby is, REJECTED.

IT IS FURTHER ORDERED that plaintiff Michael E. Clark's motion for a hearing or status check (doc. # 154) be, and the same hereby is, DENIED.

The clerk shall enter judgment consistent with this order and close the case.

DATED March 31, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -